UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALEXANDER VILAYTHONG,            )
                                 )
        Plaintiff,                )
                                 )         CIVIL ACTION NO.
VS.                              )
                                 )         3:17-CV-0627-G
ALLSTATE INSURANCE COMPANY,      )
                                 )
        Defendant.                )

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Allstate Insurance Company ("Allstate") to dismiss the claims of the plaintiff Alexander Vilaythong ("Vilaythong") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (docket entry 14). For the reasons set forth below, the motion is denied.

I. BACKGROUND

Vilaythong purchased an insurance policy on his Grand Prairie, Texas home from Allstate. Plaintiff Alexander Vilaythong's Original Petition ("Original Petition") (docket entry 1) ¶¶ 7-8. After a wind and hail storm damaged his home on March 17, 2016, Vilaythong submitted a claim to Allstate, which assigned an

adjuster to inspect the property.  *Id.* ¶¶ 6-13.  Allstate's adjustor estimated the damage at $17,053.67.  *Id.* ¶ 11.  Allstate issued payment totaling $13,934.83.  Defendant Allstate Vehicle and Property Insurance Company's Verified Rule 12(b)(1) Motion to Dismiss ("Allstate's Motion") (docket entry 14) ¶ 4.  Vilaythong subsequently hired a public adjuster, who estimated the property damage at $40,905.22.  Original Petition ¶ 15.  Plaintiff sent a copy of this estimate to Allstate on September 23, 2016, which Allstate acknowledged on November 4, 2016.  Plaintiff Alexander Vilaythong's Response to Defendant's 12(b)(1) Motion to Dismiss ("Vilaythong's Response") (docket entry 15) ¶¶ 4-5.

On January 17, 2017, Vilaythong filed this suit in the 116th District Court in Dallas County claiming negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of good faith and fair dealing arising from Allstate's alleged under-estimation of property damage.  Original Petition ¶¶ 27-53.  Allstate filed an answer denying the claims and asserted that a condition precedent on the policy had not been met because Vilaythong failed to submit a signed and sworn proof of loss ninety-one days prior to filing suit.  Defendant Allstate's Original Answer ("Allstate's Original Answer") (docket entry 1) ¶¶ 2.1, 2.3.  On March 3, 2017, Allstate removed the case to the Northern District of Texas on the basis of diversity of citizenship.  Defendant's Notice of Removal at 1 (docket entry 1).  On July 24, 2017, Allstate filed a Verified

Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. Allstate's Motion at 1 (docket entry 14). On August 14, 2017, Vilaythong filed a response. Vilaythong's Response at 1 (docket entry 15). Shortly thereafter, on August 28, 2017, Allstate filed a reply. Reply in Support of Defendant Allstate Vehicle and Property Insurance Company's Verified 12(b)(1) Motion to Dismiss ("Allstate's Reply") at 1 (docket entry 16). The motion to dismiss is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as

to the existence of its power to hear the case." *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir.1990) (citing *Williamson*, 645 F.2d at 413).

Because ripeness is an issue of subject matter jurisdiction, a party may contest ripeness through a 12(b)(1) motion to dismiss. *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). A case should be dismissed for lack of ripeness when the case is "abstract or hypothetical." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). The main concern is the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)). Generally, a case is ripe where the remaining questions are purely legal. *Id.* at 587. But where further factual development is required, a case is not ripe. *Id.* The doctrines of ripeness and standing often overlap, especially where the alleged injury is "contingent [on] future events that may not occur as anticipated" or at all. *Lopez*, 617 F.3d at 342 (quoting *Thomas v. Union Carbide Agricultural Products*

*Company*, 473 U.S. 568, 580-81 (1985)).  Where the injury is contingent on future events, the claim is not ripe for adjudication.  *Id.*

The standard for reviewing a motion under Rule 12(b)(1) depends on whether the defendant makes a facial or factual attack on the plaintiff's complaint.  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).  The defendant makes a facial attack by the mere filing of a Rule 12(b)(1) motion.  *Id.*  In that case, the trial court must look at the sufficiency of the allegations in the complaint, which are presumed to be true.  *Id.*  The defendant makes a factual attack, by contrast, by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court.  *Id.*  In a factual attack, the plaintiff is also required to submit facts in support of jurisdiction and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims.  *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986).

Allstate has made a facial attack on Vilaythong's petition because it has not provided any materials to challenge the court's jurisdiction.  Allstate's Motion; see also *Paterson*, 644 F.2d at 523.  Therefore, this court must look to the sufficiency of the plaintiff's allegations in the petition, presuming each allegation to be true.  See *id.*

### B.  Application

Allstate moves for dismissal under Rule 12(b)(1) for lack of standing because Vilaythong did not satisfy a condition precedent for filing the lawsuit.  Allstate's

Motion ¶ 1.  Specifically, Allstate argues that Vilaythong's claim is not ripe for suit because the policy required Vilaythong to submit a signed and sworn proof of loss at least ninety-one days before filing a lawsuit against Allstate.  *Id.*

The policy states:

> "13. **Action Against Us**
>
> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:
>
>> c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss. . . ."

Allstate's Motion ¶ 2.

Vilaythong does not dispute that he failed to provide a sworn proof of loss prior to filing this lawsuit.  However, Vilaythong argues that he substantially complied with the policy by providing Allstate with the public adjuster's report, which allowed Allstate the opportunity to investigate the dispute.  Vilaythong's Response ¶¶ 4, 8.  Allstate agrees that the purpose of proof of loss provisions is to allow opportunity to investigate the dispute, to prevent fraud, and to enable the insurer to defend against any claim that may arise.  Allstate's Reply ¶ 7.  Nevertheless, Allstate contends that the public adjuster's estimate was insufficient to

satisfy the conditions of the policy because it failed to provide first-hand knowledge of the property damage. *Id.*

Traditionally, proof of loss provisions have been considered conditions precedent for recovery on an insurance policy. See *American Teachers Life Insurance Company v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987). Thus, under the traditional view, the insured could not recover if proof of loss was not provided as required by the policy. *Dairyland County Mutual Insurance Company v. Keys*, 568 S.W.2d 457, 459 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.). More recently, the Texas Supreme Court has adopted a broad notice-prejudice standard when considering if an insurer may deny coverage on the basis of the insured's failure to comply with a provision of the policy. *PAJ, Inc. v. Hanover Insurance Company*, 243 S.W.3d 630, 634 (Tex. 2008). Failure to comply with the policy will only defeat the claim where the insurer demonstrates that it was prejudiced by the insured's failure to comply, regardless of whether the provision in the policy is a condition precedent. *Id.* at 636-37.

To demonstrate prejudice, the insurer must prove that one of the recognized purposes of the provision has been frustrated. *Blanton v. Vesta Lloyds Insurance Company*, 185 S.W.3d 607, 612 (Tex. App--Dallas 2008, no pet.). The purpose of requiring a sworn proof of loss is to allow the insurer the opportunity "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its

rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Insurance Company of New York v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.--Dallas 1975, writ ref'd n.r.e.).

Recently, both the Northern and Eastern Districts of Texas have addressed Allstate's "Action Against Us" provision and the effect of an insured's failure to comply with it. See *Rogers v. Allstate Vehicle and Property Insurance Company*, No. 3:17-CV-0455-M, 2017 WL 3215292, at *2 (N.D. Tex. July 28, 2017) (Lynn, Chief J.); *Wilson v. Allstate Insurance Company*, No. 4:16-CV-970, 2017 WL 1313854, at *1 (E.D. Tex. April 10, 2017); *Lopez v. Allstate Vehicle and Property Insurance Company*, No. 4:17-CV-00103, 2017 WL 1294453, at *3 (E.D. Tex. April 4, 2017); *Polen v. Allstate Vehicle and Property Insurance Company*, No. 4:16-CV-00842, 2017 WL 661836, at *2 (E.D. Tex. Feb. 17, 2017). In all four cases, Allstate issued an insurance policy with an "Action Against Us" provision and moved for dismissal under Rule 12(b)(1) based on the plaintiff's failure to comply with the sworn proof of loss requirement prior to filing suit. *Rogers*, 2017 WL 3215292, at *1-2; *Wilson*, 2017 WL 1313854, at *1; *Lopez*, 2017 WL 1294453, at *2-3; *Polen*, 2017 WL 661836, at *2. Allstate's motion to dismiss was denied in each case because Texas law requires the insurer to show prejudice, which Allstate did not show. *Rogers*, 2017 WL 3215292, at *3; *Wilson*, 2017 WL 1313854, at *3; *Lopez*, 2017 WL 1294453, at *4; *Polen*, 2017 WL 661836, at *4.

In the most recent case out of the Northern District, the court concluded that Allstate was not prejudiced by the insured's failure to provide a sworn proof of loss because the insured filed a timely claim and submitted the estimate from a public adjuster. *Rogers*, 2017 WL 3215292, at *3. The court reasoned that the insured provided Allstate with "ample opportunity and time to inspect the alleged damage, determine the validity of the [insured's] claims, and engage in settlement discussions." *Id.* Further, Allstate had sent two of its own adjusters to inspect the property and the insured provided the public adjuster's estimate. *Id.* at *1. In *Wilson*, the Eastern District similarly found that prejudice was not shown where the insured submitted a timely claim, and Allstate had opportunity to inspect the damage and attempt to settle the claim. *Wilson*, 2017 WL 1313854, at *3. In *Lopez*, the Eastern District court concluded that Allstate did not show prejudice because "[a]ll that Allstate lost out on was its expectation of a head-start to litigation via a proof of loss." *Lopez*, 2017 WL 1294453, at *4; see also *Polen*, 2017 WL 661836, at *3.

Here, Allstate has not shown prejudice because Vilaythong provided sufficient notice of the claim. Vilaythong filed a claim with Allstate immediately following the storm. *See* Original Petition ¶ 11. Allstate then sent its own adjuster to inspect the damaged property. *Id.* Vilaythong also sent the public adjuster's estimate of the damage to the insurance company on September 23, 2016, which was acknowledged by Allstate on November 4, 2016. *See* Vilaythong's Response ¶¶ 4-5. This estimate

provided Allstate with ample opportunity to investigate the claim and to prepare to defend against it before suit was filed. Allstate had notice of the basis of the claim because the public adjuster's estimate provided detailed descriptions and pictures that formed the basis of the estimate. *See generally* Vilaythong's Response, Exhibit A. Further, Allstate received notice of Vilaythong's claim and the basis of it several months before suit was filed, so Vilaythong's failure to comply with the sworn proof of loss provision did not prejudice Allstate.

Therefore, Vilaythong's failure to comply with the condition precedent on the policy will not defeat the claim. Nor is his claim contingent on future performance of the condition precedent because he has complied with the condition precedent to the extent required by Texas law. Because the facts of the case have been developed and the remaining questions are legal, the case should not be dismissed on ripeness grounds.

### III. CONCLUSION

For the reasons discussed above, the motion is **DENIED**.

**SO ORDERED**.

October 25, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**